2002 OK JUD ETH 1.

## JUDICIAL ETHICS OPINION 2002-1.

Oklahoma Judicial Ethics Advisory Panel.

Jan. 24, 2002.

¶ 0 QUESTION 1: May a judge write a letter of recommendation to the Judicial Nominating Commission on behalf of an applicant for appointment to a judicial position?

¶ 1 WE ANSWER: YES, with some restrictions and reservations.

¶ 2 Canon 2(B) "... A judge should not lend the prestige of judicial office to advance the private interests of the judge or others ..."

¶ 3 Canon 4: A judge may serve ... an organization ... devoted to the improvement of the law, the legal system and the administration of justice ..."

¶ 4 Canon 3D: "A judge should report to the appropriate disciplinary authority any unprofessional conduct of a judge or lawyer of which the judge may become aware."

¶ 5 Canon 5A(1)(c): (1) "... a judge or a candidate for election or appointment to judicial office should not: ...

(c) make speeches on behalf of a political organization or candidate or publicly endorse a candidate for public office; ..."

¶ 6 This question has been addressed by numerous Ethics Advisory Panels nationwide, and although they differ as to where the request for recommendation must come from, and to whom it may be addressed, we find none who have flatly stated that under any circumstances such activity was in violation of the Code of Judicial Conduct.

¶ 7 The principal differences seem to be in two areas: (1) May the recommendation be unsolicited from either the Nominating Commission or appointing authority, or must it be requested by the commission or appointing authority; (2) Does it make a difference if the recommendation is to the appointing authority as opposed to the Nominating Commission?

¶ 8 We find that the following states have approved such recommendations even if the judges opinions have not been solicited by the Commission, i.e., Alabama, Florida, Georgia, Maryland, Arizona, Illinois and California. The following states hold that such recommendations should only be made if requested by the Commission, i.e., Nevada, New Jersey, North Dakota.

¶ 9 In addressing Canon 2 concerns of lending the prestige of judicial office to advance the private interest of others, we agree with the comment in Arizona Advisory Opinion 87–1 that the "private interest of others does not directly or indirectly refer to the judicial selection process." Interestingly, California Advisory Opinion 40 (1988) considers such a recommendation as clearly intended to advance the private interest of the candidate, but concluded that nonetheless such recommendation was appropriate under

the permission Canon 4 gives judges to participate in the improvement of the administration of justice. The committee stated, "where a judge's letter would offer specific knowledge of the personal and professional qualities pertinent to performance as a judge, a judge is uniquely able to contribute insight to the judicial process and thereby to the administrative of justice." We agree.

¶ 10 Maryland Advisory Opinion 83 (1980) speaks to the issue of the Canon 5 prohibition against a judge engaging in the political activity, finding a recommendation submitted in the judicial selection process does not violate the Code of Judicial Conduct's limits on a judge engaging in political activity because the judicial appointment process is designed to be as "nonpolitical" as possible and a letter of recommendation cannot be "analogized" to active political activity". The same is true of the Oklahoma process and we find the reasoning sound. We note with approval, the warning in the Maryland opinion that "a prudent judge would deem it inadvisable to regularly give unsolicited advice to those operating the other branches of government as being inconsistent with the spirit of separation of powers."

¶ 11 We note that several jurisdictions distinguish between making recommendations to the Nominating Commission and the appointing authority (Governor) holding that the nonpolitical activity becomes much less clear at the appointment level and hold that recommendations to the appointing authority are prohibited. Kansas Advisory Opinion JE–27, Alaska Advisory Opinion 97–1.

¶ 12 It is our opinion that a judge may write a letter of recommendation, solicited or unsolicited, to the Judicial Nominating Commission.

¶ 13 To assure that recommendations are appropriate, nonpolitical and are intended to improve the law, the legal system and the administration of justice, we set forth the following suggested guidelines:

1. The judge must have personal knowledge of the person being recommended;

2. The judges' recommendation should:
   (a) be and appear to be directed only to the factors relevant to performance of the judicial office;
   (b) be factual, evenhanded, succinct and discreet;

3) A judge should not lend his or her name to any publicity campaign for any candidate;

4) A judge should avoid pleading for a candidate of the judge's choosing in opposition to others under consideration;

5) A judge should not provide a letter of endorsement for a candidate if the judge could reasonably expect that the endorsement will be publicly announced or public distributed in support of the endorsed candidate.

¶ 14 Robert L. Bailey, Chairman

¶ 15 Robert D. Simms, Vice Chairman

¶ 16 Milton C. Craig, Secretary